IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MIKE O. IKE and EARLENE G. IKE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-2914 |
| QUANTUM SERVICING CORPORATION, WMC MORTGAGE, LLC, and WILSON & ASSOCIATES, P.L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT QUANTUM'S MOTION TO DISMISS**

Before the Court is Defendant Quantum Servicing Corporation's ("Quantum") May 24, 2012 Motion to Dismiss for failure to prosecute. (Renewed Mot., ECF No. 15.) Plaintiffs Mike O. Ike and Earlene G. Ike (collectively, the "Ikes") have not responded. Quantum filed a prior Motion to Dismiss on October 24, 2011. (Mot., ECF No. 6.) For the following reasons, Quantum's May 24 Motion is GRANTED.

I. **Background**

The Court entered a Show Cause Order on December 12, 2011, giving the Ikes fourteen days to file a response to Quantum's October 24 motion. (ECF No. 11.) The Ikes responded to the Show Cause Order on April 16, 2012, four months after it was

filed. (Resp., ECF No. 13.) In their Response, the Ikes blamed their failure to respond on their counsel. (Resp. ¶ 2.) The Ikes stated that new counsel had agreed to undertake the representation. (Id. ¶ 6.)

Quantum renewed its Motion to Dismiss on May 24. The Ikes did not respond. The Court entered a second Show Cause Order on July 3, 2012, giving the Ikes fourteen days to respond. (ECF No. 16.) The July 3 Order to Show Cause warned the Ikes that a failure to timely respond could result in their case being dismissed for failure to prosecute. (Id.) The Ikes have not responded, and the time for doing so has passed.

## II. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." See also Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation markets omitted); see also

Shafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008). Before dismissing an action under Rule 41, courts must consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. Overstreet v. Roane Cnty. Bd. of Educ., No. 3:08-cv-401, 2008 U.S. Dist. LEXIS 100607, at *4-5 (E.D. Tenn. Dec. 12, 2008) (citations omitted). These factors "'have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal.'" Shafer, 529 F.3d at 737 (quoting Harmon, 110 F.3d at 367).

**III. Analysis**

All four factors weigh in favor of dismissal. "[I]t is clear that failure to prosecute has resulted from the fault of plaintiffs' counsel." Overstreet, 2008 U.S. Dist. LEXIS 100607, at *5. Not only was the Ikes' original counsel overdue in responding to Quantum's original motion, but the Ikes' new counsel has not responded. District courts in this circuit have dismissed causes for failure to prosecute when plaintiffs were dilatory in honoring show cause deadlines. See, e.g., Overstreet, 2008 U.S. Dist. LEXIS 100607, at *5-6 ("The Order to

3

Show Cause issued by the court granted counsel an opportunity to respond to the motions to dismiss or to move the court, upon an issuance of good cause, for an extension of time in which to respond. Counsel continued to neglect this action even after the issuance of the Order to Show Cause afforded counsel the opportunity to rectify the failure to respond.").

Quantum has been prejudiced by the Ikes' failure to prosecute. The underlying dispute in this action is a property in Cordova, Tennessee (the "Property") that is subject to a $765,000 Deed of Trust. Quantum argues that the Ikes have lived on the Property since foreclosure but have not paid any reasonable rental or made monthly mortgage payments. Quantum has absorbed the costs. Prolonging the dispositions of Quantum's motions to dismiss has "subjected defendants to unnecessary delay in either dismissing the case or proceeding to discovery." Id. at *6. Quantum has "waste[d] time, money, and effort in pursuit of cooperation which [plaintiffs were] legally obligated to provide." Harmon, 110 F.3d at 368.

The Ikes have twice been notified that a failure to respond (or to respond adequately) could lead to dismissal. Whether a plaintiff received notice is a "key consideration" in balancing the factors under Rule 41(b). See Shafer, 529 F.3d at 740 (citation omitted). The Ikes' late response to the Court's first show cause order suggested that new counsel would cure the

delays caused by original counsel's neglect. The Ikes have failed to respond to Quantum's renewed motion and have offered no reasons. The Ikes were "indisputably on notice from the court." Id.

This case has languished in the pre-discovery stages. The Ikes have twice failed to respond on the merits to pending dispositive motions. "[T]he issuance of two orders to show cause, giving plaintiffs multiple opportunities to explain their failure to respond, demonstrates that the court considered less drastic sanctions before dismissal." Overstreet, 2008 U.S. Dist. LEXIS 100607, at *7. The fourth factor weighs in favor of dismissal; any "lesser sanction would simply serve to reward plaintiffs for the abandonment of this prosecution." Id.

### IV. Conclusion

The Court finds that all four factors weigh in favor of dismissal. Quantum's May 24, 2012 Motion to Dismiss for failure to prosecute is GRANTED, and the Ikes' action against Quantum is DISMISSED WITH PREJUDICE.

So ordered this 20th day of August, 2012

                                                      s/ Samuel H. Mays, Jr.       
                                                      SAMUEL H. MAYS, JR.
                                                      UNITED STATES DISTRICT JUDGE